IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDWARD EUGENE CADE**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1388-L** |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Edward Eugene Cade's amended motion to vacate, set aside, and correct sentence, pursuant to 28 U.S.C. § 2255, filed August 1, 2011. Petitioner's motion is based upon two claims of ineffective assistance of counsel. This case was referred to Magistrate Judge Paul Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on November 29, 2011. Petitioner filed objections on December 16, 2011. Petitioner's objections address his sentence and the merits of his case rather than his claims of ineffective assistance of counsel. The court considers each objection in turn.

Petitioner first objects that the Report does not address his contention that the career offender enhancement, pursuant to United States Sentencing Guidelines ("USSG") § 4B1.1, is inapplicable in his case. Specifically, Petitioner rejects the idea that his Texas state conviction for Possession with Intent to Deliver a Controlled Substance constitutes a "controlled substance offense" within the meaning of USSG § 4B1.2. Counsel for Petitioner raised this issue during the sentencing hearing. The court determined, based upon Petitioner's state court Indictment, that the offense charged in the Indictment met the definition of a "controlled substance offense" as defined in USSG

§ 4B1.2(b).  The Report quotes at length this court's disposition with respect to Petitioner's objection regarding the "controlled substance offense" at the time of sentencing.  In addressing Petitioner's appeal of this court's ruling on the "controlled substance offense," the United States Court of Appeals for the Fifth Circuit stated that Petitioner correctly conceded on appeal that his argument is foreclosed by *United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007).  In *Ford*, the court considered whether a conviction for possession with an intent to deliver a controlled substance under Texas Health & Safety Code § 481.112(a) could be used as a basis for a sentence enhancement as a controlled substance offense, and the court held the district court did not err in enhancing the defendant's sentence and upheld the sentence. *Id.*  In light of its decision in *Ford*, the Fifth Circuit affirmed the judgment of this court in this case. *United States v. Cade*, 296 F. App'x 431, 432 (5th Cir. 2008).  Accordingly, the court **overrules** Petitioner's objection.

Petitioner next takes issue with the legality of the search of his home and seizure of the drugs found therein.  Petitioner asserts that the drug evidence was obtained by coerced consent and by an illegally obtained warrant.  As stated in the Report, counsel for Petitioner filed a Motion to Suppress the drug evidence as obtained by coerced consent and by an illegally obtained warrant. (Mot. to Suppress, doc. 31, filed Oct. 6, 2005).  This court denied Petitioner's Motion to Suppress, after hearing the evidence. (Mem. Op. and Order, doc. 47, filed July 13, 2006).  The court decided, that:

> (1) the "knock and talk" strategy in this case was not a custodial interrogation; (2) the officers' conduct in this case did not violate the Fourth or Fourteenth Amendments to the United States Constitution; (3) **Cade voluntarily consented to the initial search (walk-through) of his house**; (4) **probable cause existed for the issuance of the search warrant and second search** . . . ."

*Id.* (emphasis added).  The court finds no reason to part from its earlier ruling.  Moreover, Petitioner's objection is not cognizable under 28 U.S.C. § 2255.  Section 2255 does not reach

**Memorandum Opinion and Order - Page 2**

alleged errors that are not of constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Petitioner's objection regarding the legality of the search and seizure is only a proper issue for direct appeal. Accordingly, the court **overrules** Petitioner's objection.

Finally, Petitioner raises the issue of the retroactive application of the sentencing guidelines to his sentence for a crack cocaine offense. The court notes that this issue has also been raised by Petitioner's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Under 18 U.S.C. § 3582, filed April 21, 2011, and November 3, 2011. Petitioner's motions are currently under consideration by the court. Relief under section 2255 is available only for errors that "occurred at or prior to sentencing." *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quotations and quoted case omitted). Moreover, under section 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds, or because the sentence was in excess of the maximum authorized by law. 28 U.S.C. § 2255(a). With respect to this objection, Petitioner does not seek to collaterally challenge his conviction on constitutional or jurisdictional grounds; nor does he claim that his sentence exceeds the maximum authorized by law. Rather, Petitioner raises the issue of the recent amendments to the United States Sentencing Guidelines affecting the base offense levels for a cocaine base (crack cocaine) offense. Such a claim is cognizable only by motion under section 3582(c). Because Petitioner filed and this court is now considering his section 3582(c) motions, Petitioner's objection regarding the retroactive application of the sentencing guidelines is moot. Accordingly, the court **overrules** Petitioner's objection **as moot**.

After reviewing the pleadings, record in this case, applicable law, and the findings, conclusions, and recommendation of the magistrate judge, the court determines that the findings, conclusions, and recommendation are correct and **accepts** them as those of the court.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
        **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
        (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 3rd day of January, 2012.

                                                   Sam A. Lindsay
                                                   United States District Judge