IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD EUGENE CADE, | § | |
| Movant, | § | |
| | § | No. 3:09-cv-1388-L (BT) |
| v. | § | No. 3:05-cr-0139-L (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Edward Eugene Cade filed a *pro se* motion and supplemental motion for relief from judgment under Fed. R. Civ. P. 60 (ECF Nos. 23, 25). For the following reasons, the Court should construe the motions as a successive motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255 and transfer the § 2255 motion to the Fifth Circuit Court of Appeals.

I.

On October 10, 2006, Cade pleaded guilty to one count of possession with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of using, carrying, or possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The Court sentenced him to a total of 276 months' imprisonment and a five-year term of supervised release. The Fifth Circuit subsequently affirmed his conviction and sentence. Cade then filed a § 2255 motion, which the Court denied on the merits. Cade did not appeal.

1

On January 29, 2018, Cade filed this motion for relief from judgment under Fed. R. Civ. P. 60(b)(1)(6) and 60(d)(1), (ECF No. 23), and on October 2, 2018, he filed a supplemental motion for relief from judgment under Fed. R. Civ. P. 60(b)(1)(6) and 60(d)(1) (ECF No. 25). By his motions, he argues his sentence enhancement under U.S.S.G. § 4B1.1 is unlawful under *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).

II.

Cade argues his motions are properly filed under Fed. R. Civ. P. 60 because the Court erroneously denied his first § 2255 motion. However, where a motion raises a substantive claim for relief, "the motion should be construed as a successive § 2255 motion[.]" *See United States v. Hernandez*, 708 F.3d 680, 681 (5th Cir. 2013). Further, Cade's challenge to his sentence is properly construed as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before the defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255. Because Cade has failed to show that he obtained permission from the Fifth Circuit to file this successive motion, the motion should be transferred to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.

For the foregoing reasons, the Court should construe Cade's Rule 60 motion and supplemental motion as a motion to vacate, set-aside, or correct his sentence under 28 U.S.S. § 2255 and TRANSFER the motion to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed August 3, 2020.

                                                        REBECCA RUTHERFORD
                                                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).